**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTELMO RODRIGUEZ-HERNANDEZ, | No.   16-71366 |
| Petitioner, | Agency No. A079-530-326 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Antelmo Rodriguez-Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Mohammed v.*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Rodriguez-Hernandez's motion to reopen as untimely where the motion was filed more than 10 years after the final order of removal, and where Rodriguez-Hernandez failed to demonstrate a material change in country conditions in Mexico to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. §§ 1003.2(c)(2), (3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to reopen where petitioner failed to submit material evidence of qualitatively different country conditions).

Rodriguez-Hernandez's contentions that the BIA violated his right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and substantial prejudice are required to prevail on a due process claim); *see also Najmabadi*, 597 F.3d at 990 (the agency adequately considered evidence and sufficiently announced its decision).

We do not consider the materials Rodriguez-Hernandez references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79

F.3d 955, 963-64 (9th Cir. 1996) (en banc).  Rodriguez-Hernandez's request, raised in his opening brief, to take judicial notice is denied.  *See id*.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**